IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHOKWE LUMUMBA, et al.** [1]                                                                                       **PLAINTIFFS**

**vs.**                                                                 **CIVIL ACTION No.: 3:22-CV-518-HTW-LGI**

**RICHARD AMUN'RA BEY**                                                                                         **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

BEFORE THIS COURT is [Docket 6], the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac, entered on December 4, 2023.

Defendant Richard Amun'Ra Bey filed this action, pro se, via a Notice of Removal in 2022. [Docket 1]. Bey's filings to this Court, including his Notice of Removal, are largely unintelligible and fail to set out appropriate legal causes and bases. Although Bey has styled his action as a removal of a civil case, to the best of this Court's discernment, he appears to have attempted to remove his traffic tickets from Jackson Municipal Court to this Court. [Docket 1] at 3–4; [Docket 3]. From the records Bey filed, it appears that the municipal court "dismissed on 02/11/2020" most of the tickets and found him guilty on another. [Docket 3]. Bey complains that officers used an alternative name or misspelling of his name as an alternative to his preferred name, violating his rights.[2] [Docket 1] at 3–4. Bey also claims he is somehow owed damages. [Docket 1] at 15.

---

[1] It must be appreciated that Richard Amun'Ra Bey initiated this civil removal action, listing himself as a "defendant," supposedly accused by a variety of "plaintiffs," including officials of the City of Jackson. As described in greater detail herein, this action does not originate from a state civil suit brought by the plaintiffs. The "plaintiffs" also have not yet appeared in this action.

[2] Bey also seems to base much of his action on what courts have called "'sovereign citizen' theory," an "indisputably meritless legal theory" where proponents "take the position that they are not subject to state or federal statutes and proceedings." *See Barthelemy-Bey v. Louisiana*, No. CV 19-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (collecting cases), *report and recommendation adopted*, No. CV 19-12671, 2019 WL 5425433 (E.D. La. Oct. 23, 2019), *order*

Bey moved to proceed *in forma pauperis*. [Docket 2]. Magistrate Judge Isaac entered an order on September 8, 2023, mailing same to Bey's address of record. [Docket 5]. Magistrate Judge Isaac noted that Bey had "not provid[ed] substantive information to complete the application … and instead indicated his response to all numbered inquiries, except those in sections 11 and 12, that the information requested in the application is 'not applicable.'" *Id.* at 1. Magistrate Judge Isaac ordered Bey to file a completed application or pay the filing fee of $402 by September 22, 2023. *Id.* Months passed, with Bey filing nothing.

Magistrate Judge Isaac entered a Report and Recommendation on December 4, 2023. [Docket 6]. In it, Magistrate Judge Isaac noted that Bey had not complied with her order. *Id.* at 3. Magistrate Judge Isaac found that Bey had not provided sufficient information for this Court to "examine [his] financial condition to determine whether the payment of fees would cause an undue financial hardship." *Id.* Magistrate Judge Isaac, thus, recommended that Bey's motion for leave to proceed *in forma pauperis* be denied. *Id.*

Magistrate Judge Isaac also recommended that Bey's case should be dismissed for failure to comply with this Court's orders. [Docket 6] at 3. Magistrate Judge Isaac had warned Bey of this potential consequence in her prior order. [Docket 5] at 1–2. Magistrate Judge Isaac pointed out that "Bey has a history of filing lawsuits with this Court, wherein he has moved for [*in forma pauperis*] status but failed to adhere to the Court's orders to submit completed [*in forma pauperis*] applications and/or provide additional financial information." [Docket 6] at 3 n.2 (collecting cases).

---

*vacated on reconsideration*, No. CV 19-12671, 2020 WL 703353 (E.D. La. Feb. 12, 2020). Proponents will often, like Bey, refer to themselves as "descendants of the Moorish Empire" and cite a treaty between the United States and the Kingdom of Morocco, in addition to calling government entities and others "corporate entit[ies]." *See, e.g.*, *United States v. Coleman*, 832 F. App'x 876, 878 n.1 (5th Cir. 2020).

Defendant Richard Amun'ra Bey filed an objection on December 18, 2023. This objection confirms Bey's mailing address as Bey's address to which Magistrate Judge Isaac mailed her prior order. Bey styled his objection as an "Affidavit of Fact," and stated:

> I object[s] to your Unconstitutional Treasonous Acts of 'Color of Law' & In Violation of Title 18 Part 1, Chapter 13 Section 241(Conspiracy against rights) 242 Deprivation of rights Under Color of Law Title18, Part 1, Chapter 115 Section 2381 Treason, Section 2382 Misprision of Treason.

[Docket 7] at 1 ([sic], throughout). Later, he stated:

> All Law is CONTRACT therefore in order for any claim to be made the contract must be produced. LAKEYSH GREER ISAAC and HENRY T WINGATE has construed my Inalienable/Unalienable Constitutionally Secured Rights to Due Process of Law.

*Id.* at 2 ([sic], throughout). Bey further wrote:

> As a Magistrates who should be well versed in law, LAKEYSHA GREER ISAAC and HENRY T WINGATE knowingly committed fraud as they knowingly have been administering in a capacity which they don't have jurisdiction, delegation of authority, or judicial powers delegated from the legislature.

*Id.* ([sic], throughout). Bey's objection seemingly bears no connection to any of Magistrate Judge Isaac's findings in her honor's Report and Recommendation. Indeed, Bey provides no legitimate basis to allege this Court committed any fraud, treason, or violations of due process. Nonetheless, this Court has liberally construed Bey's pro se filing as an objection to the entire Report and Recommendation, and this Court has conducted a de novo review of same.[3]

---

[3] Where a party timely serves and files written objections to a magistrate judge's proposed findings and recommendations, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court conducts such a review by "examin[ing] the record and mak[ing] an independent assessment of the law." *Magee v. Comm'r of Soc. Sec.*, No. 1:12-cv-188-LG-JMR, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013).

Magistrate Judge Isaac's Report and Recommendation is sound and supported, and this Court agrees with and adopts the recommendations both to deny Bey's petition to proceed *in forma pauperis* and to dismiss this action without prejudice. Based on the insufficient information Bey provided in his application, this Court has insufficient information to grant his petition. When Magistrate Judge Isaac generously provided Bey an opportunity to correct his omissions and submit the requisite information to this Court, Bey chose not to do so. Bey has previously done this, and was, thus, well aware of his obligations to comply with Court orders and the consequences of failing to do so. Bey's objection did not address either relevant issue, showing this Court that Bey is failing to prosecute his case; said case should be dismissed. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P.41(b). The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant.").

To the extent Bey's objection claims this Court lacks "jurisdiction" over his dispute, this Court agrees; this is an alternate basis for dismissal. As stated above, to the best of this Court's discernment, Bey purports to remove municipal traffic tickets, which appear to be resolved, to this Court in a civil removal action. Bey has not provided a basis to conclude that his municipal proceedings fall under any of the categories of criminal prosecutions that may be removed to federal court under 28 U.S.C. §§ 1442, 1442a, or 1443. Further, as the traffic tickets are already resolved, there is not even an ongoing controversy over which this Court could adjudicate Constitutional or other federal issues. Therefore, this removal action is improper, and it appears

that dismissal without prejudice is more appropriate than remand (but this Court will nonetheless notify the municipal court).[4]

**IT IS ORDERED** that Bey's motion to proceed *in forma pauperis* at [Docket 2] is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk's office is instructed to mail a copy of this order, and the accompanying Final Judgment, for notification purposes, to the clerk of the Jackson Municipal Court.

**SO ORDERED this the    31st    day of    October   , 2024.**

/s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Because of the unusual posture of this case, this Court stresses that its order dismissing this case in no way prejudices the rights, civil or otherwise, of the parties listed as plaintiffs in this matter.